UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **ROMONA MATHEWS,**<br><br>Plaintiffs<br><br>v.<br><br>**CHOPTANK COMMUNITY HEALTH SYSTEM, INC.,**<br><br>Defendant. | **Case No.** _____<br>**Removed from Circuit Court for Caroline County Case No. C-05-CV-10-000079** |

**NOTICE OF REMOVAL**
**Federal Question Jurisdiction**

Choptank Community Health System, Inc. ("Choptank"), Defendant, by undersigned counsel, pursuant to 28 U.S.C. §§1441 and 1446, hereby provides Notice of Removal of the above-captioned case from the Circuit Court for Caroline County to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. §1331 (Federal Question Jurisdiction) and 28 U.S.C. §1367 (Supplemental Jurisdiction). The grounds for this Notice are as follows:

1. On June 4, 2019, Plaintiff filed a Complaint against Choptank with one count alleging a violation of the Maryland Health Care Worker Whistleblower Protection Act, Md. Code, Health Occupations, §§ 1-501 *et seq.* ("the Whistleblower Act").

2. On July 9, 2019, Plaintiff filed an Amended Complaint bringing two causes of action against Choptank: (Count 1) Violation of the Whistleblower Act; and (Count 2) Retaliation in violation of the Maryland Fair Employment Practices Act, Ann. Code, State Government, §§20-601 *et seq.* ("Title 20").

3. On August 22, 2019, Plaintiff filed a Second Amended Complaint which deleted the retaliation claim previously added in Count 2 of the Amended Complaint.

4. On May 8, 2020, Plaintiff filed a Third Amended Complaint (hereinafter "TAC"). In addition to the count brought in the SAC under the Maryland Whistleblower Act, the TAC now alleges causes of action under the Family Medical Leave Act ("FMLA") (29 U.S.C. § 2601, *et al.*) and the Maryland Healthy Working Families Act.

5. Removal to this Court is proper, pursuant to 28 U.S.C. §1441(a), inasmuch as Count Two of the TAC alleges a cause of action against Choptank for violation of the Family Medical Leave Act (29 U.S.C. § 2601, *et al.*), a federal statute.

6. This Notice of Removal is being filed in the United States District Court for the District of Maryland, Northern Division, the Federal District Court embracing the State Court where the original Complaint was filed. 28 U.S.C. §100(2).

7. Removal to this Court is timely. The TAC was filed on May 8, 2020, and Defendant Choptank was served that same day. This Notice of Removal is being filed on May 19, 2020, within thirty days after the case became removable, the statutory period set forth in 28 U.S.C. §1446(b)(3).

8. All procedural requirements have been met. Contemporaneously filed herewith are copies of all "process, pleadings, documents and Orders" served upon Choptank as well as "all filings in the State Court Action" which are attached hereto as Exhibits 1-53. *See* 28 U.S.C. §1446(a); Local Rule 103(5)(a). Also attached, as Exhibit 54, is a copy of the Notice of Removal to the United District Court that Defendant Choptank will file in the Circuit Court for Caroline County and will promptly serve upon Plaintiff.

9. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Pursuant to 28 U.S.C. §1441(a) "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the District Court of the United States for the District and Division embracing the place where such action is pending." 28 U.S.C. §1441(a). Plaintiffs' assertion of a claim under FMLA renders this suit one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

10. To the extent that the Complaint alleges claims that do not involve FMLA, this Court has supplemental jurisdiction over all such claims pursuant to 28 U.S.C. §§1367(a) and 1441(c).

WHEREFORE, having satisfied all requirements for removal under 28 U.S.C. §§1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. §1331, Choptank respectfully requests that this Notice of Removal be accepted, and that the above referenced Circuit Court action be removed to the United States District Court for the District of Maryland.

Respectfully submitted,

*/s/Shirlie Norris Lake*
Shirlie Norris Lake (01705)
Alexander V. Cranford (21218)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: lake@ewmd.com
*Attorneys for Defendant.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of May, 2020 a copy of the foregoing Notice of Removal was served by first-class mail, postage prepaid to:

> Ikechukwu Emejuru, Esq.
> Emejuru Law L.L.C.
> 8403 Colesville Road, Suite 1100
> Silver Spring, MD 20910
> *Attorney for Plaintiff*

/s/Shirlie Norris Lake
Shirlie Norris Lake (01705)

4