IN THE CIRCUIT COURT FOR CAROLINE COUNTY, MARYLAND

ROMONA MATHEWS,
22760 Thawley Road
Denton, MD 21629

 Plaintiff,        Civil Action No.: C-05-CV-19-000079

v.

CHOPTANK COMMUNITY
HEALTH SYSTEM, INC.,
301 Randolph Street
Denton, MD 21629

 Defendants.

___

## COMPLAINT
___

Plaintiff Romona Mathews, by and through her counsel Emejuru Law LLC brings forth this action against Choptank Community Health System, Inc. (hereinafter "CCHS") and respectfully states as follows:

### JURISDICTION

1. Jurisdiction is proper pursuant to Section 1-501 and 6-102 of the Courts and Judicial Proceedings article of the Maryland Code Annotated, among other applicable provisions.

### VENUE

2. Venue is proper in this judicial district because this cause of action arose, and Defendant is located in this judicial district and Defendant does business in this judicial district. All material events occurred in this judicial district.

### PARTIES

3. Plaintiff Romona Mathews is a natural person and resident of Caroline County, Maryland.

4. Defendant Choptank Community Health System, Inc. is an organization domiciled in Caroline County, Maryland.

## FACTUAL ALLEGATIONS

5. Romona Mathews is a certified medical assistant in the State of Maryland. She was hired by CCHS in November 2005.

6. Prior to termination, Mathews was supervised by Jannette Bowling. Bowling was the Director of Clinical Operations (hereinafter "Director").

7. It was practice of CCHS for the Director and an employee to hold monthly meetings. The sessions were referred to as "Rounding" sessions.

8. In or around March 2018, Mathews met with Bowling for their monthly meeting. During the meeting, Mathews informed her of ineffective medical equipment in the office. Specifically, Mathews stated that the thermometers were reading inaccurately. Mathews recalled a specific incident when an 8-month year old child came in to the medical center with complaints of a fever. Mathews stated told Bowling that the Thermoscan reading came back normal, but the mercury rectal temperature was 102 degrees.

9. During the meeting, Mathews also informed Bowling that the majority of the blood pressure cuffs at the center were old or outdated, and were unable to inflate properly to get an accurate blood pressure reading. Mathews explained how it affected the quality care that she and other staff members were able to provide to patients.

10. During the meeting Mathews also stated an unprecedented staffing practices were taking place under Bowling's watch as Director. Mathews stated that never in her 13 years with the organization, was she asked to staff simultaneously two medical providers. Mathews stated that she believed such practices would allow for additional error for patient care, including improper medication and vaccination handling.

2

11. After the monthly roundup, Bowling's behavior towards Mathews drastically changed. Bowling no longer made eye contact with Mathews and completely ignored her. Bowling communicated with Mathews through other co-workers or third-parties because she no longer wished to speak with her.

12. Bowling refused to hold an April 2018 Rounding session with Mathews. Thus, it was not completed.

13. On May 30, 2018, Bowling and Mathews held a monthly Rounding session. This time, Bowling's supervisor Gary Long, the Chief Operating Officer for CCHS, was present.

14. When questioned about what was not going well at her location, Mathews reiterated the same sentiments that she shared with Bowling during the March 2018 Rounding. Mathews stated that her CCHS location had been lacking the requisite equipment for months and that she had requested the new equipment (thermometers and blood pressure cuffs) for months. She stated that it was unacceptable that CCHS could not conduct a rectal temperature on a teenager who recently visited the hospital. She stated that the center was not providing proper patient care or that it was unsafe.

15. Furthermore, Mathews also raised that Bowling failed to follow the proper "leave" policies at the organization. Mathews stated that Bowling failed to ensure proper leave protocols or policy and that her mechanism strained the organization. Mathews argued that Bowling's failure to follow proper leave protocol affected clinical staffing levels for each of the CCHS centers. Without proper clinical staffing, CCHS had to pull staff from other locations.

16. Mathews was terminated on June 12, 2018.

17. Prior to termination, Mathews was a stellar employee. In her 13 years with CCHS, she was never formally reprimanded, counseled, and/or disciplined in any way.

## PLAINTIFF'S CLAIMS

### (Count 1)
### Maryland Healthcare Whistleblower Protection Act

18. Plaintiff incorporates all paragraphs herein *seriatim*.

19. Defendant, by and through, its agents or supervisors, unlawfully terminated Plaintiff because of her whistleblower activity under the act.

20. Plaintiff had a reasonable, good faith belief that the employer… engaged in an activity, policy, or practice that is in violation of a law, rule, or regulation.

21. Defendant's activity, policy, or practice that was subject of Plaintiff's disclosure posed a substantial and specific danger to the public health or safety.

22. Plaintiff reported the activity, policy, or practice to a supervisor and administrator of Defendant to afford Defendant a reasonable opportunity to correct the activity, policy, or practice.

23. Plaintiff prays for judgment against Defendant for all damages allowable by law, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

### PRAYER FOR RELIEF

Plaintiff prays that judgment, which exceeds $75,000.00, be entered against Defendant Choptank for all damages allowable (including statutory, actual, compensatory, nominal, and punitive) expenses, attorney's fees, and for such other and further relief as may be just and proper.

Dated this 4th of May, 2019

By: __/x/ Ikechukwu Emejuru__
Ikechukwu Emejuru, Bar No. 1212110256

4

**Emejuru Law L.L.C.**
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Telephone: (240) 638 102786
Facsimile: 1-800-250-7923
iemejuru@emejurulaw.com

*ATTORNEY FOR PLAINTIFF*

5